**In re Welfare of Valerie KARGE and Walter Cook, Children.**

**Nos. 49933, 49960.**

Supreme Court of Minnesota.

Sept. 5, 1980.

Craig Nelson, Sp. Civil Counsel for Freeborn County, Sturtz, Peterson, Chesterman, Erickson, Anderson & Hareid and Mark Anderson, Albert Lea, for appellant.

Hoversten, Strom, Johnson & Rysavy and Donald E. Rysavy, Austin, for respondent.

Heard before OTIS, TODD, and YETKA, JJ., and considered and decided by the court en banc.

OTIS, Justice.

The appellant, Audrey Cook, seeks review of an order of the district court dated February 9, 1979 affirming the termination of her parental rights over two of her eight children, Walter Kenneth Cook born November 26, 1975, and Valerie Karge born June 2, 1970. We affirm.

On February 23, 1976 the County Court of Freeborn County found all eight children to be dependent. The court directed the county welfare department to prepare a social study and make recommendations for a treatment program.

Valerie had been taken from her mother's custody and placed in a foster home by court order on January 8, 1976, and thereafter on May 6, 1976, Walter was also removed from her custody. Mrs. Cook was previously married to and divorced from Valerie's father, Wayne Karge; she subsequently married Walter's father, Kenneth Cook, from whom she was divorced on November 16, 1977.

On September 12, 1978, the county court entered two orders, one terminating Wayne Karge's and Audrey Cook's parental rights to Valerie Karge, and the other terminating Audrey Cook's parental rights to Walter Cook. Guardianship and custody of Valerie were assigned to the commissioner of public welfare.

The pertinent provisions of the county court's findings are as follows:

It was proved by clear and convincing evidence that: Pursuant to Order dated February 23, 1976 the child was adjudicated dependent. After adjudication of dependency and under the Court's direction, a plan was developed to correct the dependency; (a) Weekly counselling with social workers; (b) Counselling at the Mental Health Center; (c) Find a position to support herself; (d) Follow a plan of visitation; (e) Find an apartment; (f) Go to family education center. Mrs. Cook was erratic in her attendance at weekly counselling sessions. Since the

adjudication of dependency, Mrs. Cook has changed jobs 3 times and is now doing occasional field work for farmers. She could not follow a consistent plan of visitation with her children and did not appear at scheduled times. There has been no progress whatsoever towards eliminating the dependency conditions as of the date of the termination hearing. Mrs. Cook has obtained no insight into the problems which resulted in the original dependency Order. The plan developed under the Court's direction was reasonable, but has failed, due primarily to the acts of Mrs. Cook. This Court has considered the other alternatives of continuing this matter under supervision of Court Services and this Court of returning the children to Mrs. Cook; and taking into consideration the time that has passed and all of the above, finds no other alternative but to terminate parental rights of Audrey Cook as to Walter Kenneth Cook, the above named child.

On appeal to the district court a three-judge panel affirmed the county court's order on February 13, 1979. That order comprehensively and exhaustively analyzed the evidence. The district court recognized the substantial burden of proof which the law imposes on those seeking to terminate parental rights and, in giving deference to the trial court it acknowledged that an appellate court might have come to a different conclusion from the evidence. Nevertheless, the court stated:

> In considering the entirety of the evidence in this case, it appears to this court that there was clear and convincing evidence that since the finding of dependency of the children by the court reasonable efforts have been made by the social agency and the court to help the applicant to remedy the conditions leading to the adjudication of neglect and that there was clear and convincing evidence from which the trial judge could find that under such efforts the conditions in fact had not been corrected.

The appellant argues that her inability to give proper care to her children stemmed from the alcoholism of her husband, Kenneth Cook, and from the abuse he inflicted upon her while they were married; those conditions ceased when the couple was divorced. She describes the two-year period since that time as characterized by a "friction-filled relationship" with the welfare department. In this connection the district court made the following observations:

> It appears that while Audrey's marital problems might have been a factor in her control and discipline of the children that it was Audrey's inability to provide for the physical, psychological, and emotional needs of the children that led to their removal and kept her from having the children returned to her. From the evidence in this case the trial court could conclude that Audrey's defiance of the Welfare Department supervision was a defiance of the authority of the Court and that her continued unbecoming conduct indicated that if the children were returned to her she would not cooperate in providing for their welfare under the Court's guidance or guidelines.

The record discloses that Kenneth Cook has moved to Wyoming, remarried, enjoyed total abstinence for at least seventeen months, and is earning $2,100 a month; in the opinion of a family services worker, Walter's father and stepmother "have a stable relationship and can handle the responsibilities involved in rearing Walter."

We have consistently stressed the gravity of decisions which terminate parental rights, and we find nothing in this record to suggest that the welfare department or the judges who addressed the issues have taken their responsibilities lightly. Counsel for the children support an affirmance, to the end that uncertainties as to their status may be laid to rest and they may be permitted henceforth to enjoy a stable homelife. We are satisfied that the evidence supports the district court's conclusion that "While it is possible that another court could interpret the facts adduced from the evidence in another way and hence deny termination of parental rights, * * *. It does not appear that [the trial court] abused its discretion."

There is abundant evidence to support a finding that Audrey Cook is unwilling or incapable of correcting the conditions which led to the dependency of her children. We therefore affirm the order terminating her parental rights as to Valerie Karge and Walter Cook. In so doing, it should be noted that the parental rights of Valerie's father, Wayne Karge, are also terminated to Valerie. The parental rights of Kenneth Cook to Walter are not affected by these proceedings.

Affirmed.

AMDAHL, J., not having been a member of the court at the time of the argument and submission, took no part in the consideration of this case.